UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOEY LEE SHETLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:18-CV-168 |
| ) | 2:16-CR-105 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Joey Lee Shetley's ("Petitioner's") amended *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 9].[1] The United States has responded in opposition [Docs. 5 & 10], and Petitioner has filed a reply [Doc. 11]. Petitioner has also filed a motion for an affidavit from trial counsel [Doc. 12] and an objection to the Court's previous rulings on Petitioner's motions to appoint counsel and for discovery, which the Court construes as a Rule 59(e) motion to reconsider [Doc. 9]. For the reasons below, Petitioner's § 2255 motion [Doc. 9] will be **DENIED**; Petitioner's motion to reconsider [Doc. 9] will be **DENIED**; and Petitioner's motion for an affidavit [Doc. 12] will be **DENIED**.

I. BACKGROUND

---

[1] Document numbers not otherwise specified refer to the civil docket.

In September 2016, Petitioner and seven co-defendants were charged in a twenty-count indictment pertaining to conspiracy and distribution of 50 grams or more of methamphetamine. [Crim. Doc. 3]. Petitioner was named in three counts. [*See id*.].

On January 23, 2017, Petitioner entered into a plea agreement with the government. [Crim. Doc. 89]. The United States also filed an Information to Establish Prior Conviction [Crim. Doc. 86], wherein the United States gave notice of its intention to seek increased punishment for Petitioner's prior convictions of possession with intent to distribute methamphetamine in April 2013 and possession with intent to distribute oxycodone in April 2013. Petitioner agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). [*See* Crim. Doc. 89]. The plea agreement was signed by Petitioner and attorney Casey A. Sears, II. [*Id*.].

In his plea agreement, Petitioner acknowledged that he was involved in a conspiracy with his co-defendants and others to distribute methamphetamine, a schedule II controlled substance, in and around the Tri-Cities area in the Eastern District of Tennessee. Petitioner admitted to selling methamphetamine to a confidential informant, selling methamphetamine to co-defendants, and introducing co-defendants to sources of methamphetamine on multiple occasions. [*See id*.]. Petitioner also admitted to being stopped by officers on February 23, 2016 and consenting to a search where officers found a Correctional Officer's badge, a red and blue dash light, approximately one half-ounce of methamphetamine, $9,000.00 in U.S. currency bundled in the vehicle's manual folder, and

2

more money on Petitioner's person and in his wallet. [*See id*.]. Petitioner also spoke with police officers on March 26, 2016 and admitted to providing co-defendant with a contact from GA to obtain methamphetamine and making several trips with co-defendant to obtain methamphetamine. [*See id*.]. For the purposes of the plea agreement, the parties agreed that Petitioner should be held responsible for at least 500 grams but less than 1.5 kilograms of actual methamphetamine. [*Id*.]. Petitioner also admitted that he was previously convicted of controlled substances in at least two cases as listed in the Plea Agreement. [*Id*.]

The Court conducted a change of plea hearing on March 1, 2017. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that he was competent to change his plea, that his motion to change his plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Count 1 of the Indictment, that the Government moved to dismiss the remaining counts at sentencing, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain in custody until his sentencing hearing. [Crim. Doc. 105].

The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting in a guideline range of 262 to 327 months. [Crim. Doc. 150, ¶ 75]. There was a statutory minimum term of imprisonment for 20 years. [*Id*. at ¶ 74]. The PSR noted that dismissing the other counts against Petitioner did not have an effect on the guideline range. [*Id*. at ¶ 76]. The PSR also noted that had the United States filed a notice to seek enhanced punishment based on Petitioner's prior conviction in Johnson County, TN, he would have been subject to a mandatory term of Life imprisonment. [*Id*.].

3

The government filed a notice of no objections to the PSR. [Crim. Doc. 160]. The government also filed a motion for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) [Crim. Doc. 161] and a sentencing memorandum wherein it moved for a one-level downward departure pursuant to U.S.S.G. § 5K1.1 and requested a sentence between 235 to 293 months. [Crim Doc. 228].

Petitioner, through counsel, filed a notice of no objections to the PSR. [Crim. Doc. 164]. Petitioner, through counsel, also filed a sentencing memorandum requesting a variance to a sentence of 200 months due to Petitioner's cooperation, his attempts to be more helpful to law enforcement, and the § 3553 factors, noting the Court's limitations to considering the normal § 3553(a) factors. [Crim. Doc. 225].

On October 2, 2017, the Court sentenced Petitioner to a total of 220 months' imprisonment and then ten years of supervised release. [Crim. Doc. 238]. Petitioner did not file a direct appeal, but on October 9, 2018, he filed this timely § 2255 motion.

## II.     OBJECTION – CONSTRUED AS A RULE 59(e) MOTION

The Court will first address Petitioner's objections to the Court's prior rulings denying his request for counsel and an evidentiary hearing [Doc. 7] and his motion for discovery [Doc. 6]. [Doc. 9, pp. 1-8]. Petitioner's objection was filed within 28 days of the Court's order, well within Rule 59(e)'s 28-day time limit; therefore, the Court considers the objection to be a motion to alter or amend under Rule 59(e) of the Federal

4

Rules of Civil Procedure.[2] *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (explaining that a motion to reconsider "that is filed within 28 days can be construed as a motion to alter or amend the judgment under Rule 59(e)"); *Williams v. Thaler*, 602 F.3d 291, 303-304 (5th Cir. 2010) (explaining that "[w]hen a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit").

A Rule 59(e) motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). Although Rule 59(e) permits a court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n 5 (2008) (citation omitted). Where a movant merely "views the law in a light contrary to that of this Court," his "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461,

---

[2] The Federal Rules of Civil Procedure apply in § 2255 cases, to the extent that they are not inconsistent with the Rules Governing Section 2255 Proceedings for the United States District Courts or statutory law. *See* Rule 12, Rules Governing Section 2255 Cases.

5

467 (6th Cir. 2009) (citation omitted). In exercising this discretion, the Court must balance the need for finality with the need to render just decisions. *Day v. Krystal Co.*, 241 F.R.D. 474, 476 (E.D. Tenn. 2007); *see also GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Finally, the Court's discretion to grant relief must be used sparingly, as revising a final judgment is an extraordinary remedy. *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014).

The arguments offered in Petitioner's Rule 59(e)'s motion are similar to the arguments made in his initial motions. [Doc. 9]. Petitioner's Rule 59(e) motion does not establish a clear error of law, newly discovered evidence, an intervening change in law, or any manifest injustice. Indeed, as the Court reads Petitioner's Rule 59(e) motion, he is seeking to relitigate the arguments and claims he offered in his original motions. Rule 59(e) is not to be used for this purpose. It is obvious that Petitioner views the law differently from the way the Court viewed it in resolving his previous motions. As it is, nothing in Plaintiff's motion, including his attempt to relitigate the issues addressed in the Court's order suggests that he is entitled to relief under Rule 59(e). Accordingly, Petitioner's Rule 59(e) motion (as construed) [Doc. 9] will be **DENIED**.

### III. § 2255 MOTION

#### A. Standard of Review

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose

the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### B. Analysis

As an initial matter, Petitioner raises two claims in his amended § 2255 motion: 1) ineffective assistance of counsel for failing to object to the PSR, failing to object to the career offender enhancement, and failing to investigate legal and factual issues; and 2) ineffective assistance of counsel for failing to investigate family members, not seeking mitigating evidence for sentencing, and "violating Petitioner's Sixth Amendment rights." [Doc. 9].

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for h[is] defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466

8

U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

1. *Claim 1*

Petitioner's first claim revolves around ineffective assistance of counsel pertaining to the PSR and Petitioner's career offender enhancement. [Doc. 9]. Petitioner argues that his plea agreement was made with the understanding that he would not receive a career criminal enhancement. [*Id*. at 9-10]. Petitioner cites to a portion of the plea agreement which states that the United States would not seek an enhanced punishment for Petitioner's Johnson County conviction but would seek enhancement for Petitioner's prior convictions in Georgia. [*Id*. at 10; *see also* Crim. Doc. 89, ¶ 2]. Petitioner asserts that his counsel was ineffective for failing to object to the PSR's offense level base designation for being a career offender. [Doc. 9, p. 12]. Petitioner then cites to his sentencing memorandum, filed by counsel, wherein his counsel argues that the career offender designation and the acceptance of responsibility essentially cancel each other out, putting Petitioner at a base offense level of 34. [*Id*.]. Petitioner does not argue that he is innocent of the prior convictions.

The United States responds that the parties never agreed that Petitioner should not be classified as a career offender for purposes of sentencing, rather, the parties agreed that the United States would not file a § 851 notice subjecting Petitioner to a mandatory minimum life sentence for his two prior Tennessee drug convictions. [Doc. 5, p. 5]. In the Plea Agreement, Petitioner stipulated that he had two prior convictions for controlled substance offenses in Tennessee and acknowledged that his sentencing determination would be based on the entire scope of his criminal conduct. [*Id*. at 6; *see also* Crim Doc. 89, pp. 5-6].

Petitioner's Claim 1 fails at *Strickland's* first step. As Petitioner stipulated to the prior convictions and acknowledged that they would be considered at sentencing, counsel was not ineffective for failing to raise the meritless argument Petitioner is now asserting counsel should have raised. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."). Petitioner has also not shown that the result of the proceeding would have been different had his counsel object to the PSR. *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner's Claim 1 will be **DENIED**.

### 2. Claim 2

Petitioner arguments for Claim 2 center around his counsel's failure to interview co-defendants and witness regarding Petitioner' family and mental history as mitigating evidence. [Doc. 9, pp. 15-16]. Petitioner claims that had counsel investigated, he would have known that a phone did not belong to Petitioner, that when a co-defendant was interviewed by officers he was under the influence of illegal substances and made false statements, and that had counsel investigated the government's witnesses he may not have suggested a plea agreement. [*Id.*].

The United States argues that Petitioner has not demonstrated how the testimony he believes those witnesses would have provided would have actually been useful to him at sentencing. [Doc. 5, p. 6]. Further, the testimony Petitioner asserts the witnesses would provide seem to conflict with Petitioner's sworn admissions of guilt in his plea agreement. [*Id.*]. The United States further asserts that had Petitioner's counsel brought these witnesses

11

to testify at sentencing, he likely would have jeopardized Petitioner's ability to receive the three-level § 3E1.1 acceptance-of-responsibility reduction and the one-level § 5K1.1 departure. [*Id*. at 7].

Petitioner's Claim 2 argument fails at *Strickland's* second step. Petitioner's primary argument for ineffective assistance of counsel is that his counsel did not investigate and get testimony from various witnesses. [Doc. 9]. Even if Petitioner's attorney would have interviewed the witnesses Petitioner suggested, Petitioner has not shown that the result would have been different. As discussed above, Petitioner affirmed at the change of plea hearing that he wished to plead guilty, and that his attorney had adequately covered the plea agreement with him. The Plea Agreement clearly states that Petitioner made several trips to Georgia with a co-defendant and that he sold methamphetamine directly with at least one of his co-conspirators. [Crim. Doc. 89].

As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's unsupported allegations are directly contradicted by the record and are not credited. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, Petitioner is not entitled to relief under § 2255 as to Claim 2.

Accordingly, Petitioner's Claim 2 will be **DENIED**.

## IV. MOTION FOR AFFIDAVIT

Petitioner, acting *pro se*, filed a Motion for an Order for Affidavit from Trial Counsel wherein he requests the Court order his trial counsel, Casey Sears, to provide an affidavit pertaining to Petitioner's pending § 2255 motion. [Doc. 12]. As discussed above, the Court has found that Petitioner has not prevailed on his claims and has already denied Petitioner's request for an evidentiary hearing, finding that one is not needed. [*See also* Doc. 8]. Accordingly, Petitioner's motion for an affidavit [Doc. 12] will be **DENIED**.

## V. CONCLUSION

For the reasons above, Petitioner's amended § 2255 motion [Doc. 9] will be **DENIED** and **DISMISSED**; Petitioner's motion for an affidavit [Doc. 12] will be **DENIED**; and Petitioner's Rule 59(e) motion to reconsider [Doc. 9] will be **DENIED**.

## VI. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. A petitioner whose claims have been

13

Case 2:18-cv-00168-RLJ-CRW   Document 15   Filed 02/24/21   Page 13 of 14   PageID #: 100

rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

    A separate judgment will enter.

        **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge